UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

KEVIN T. BRIGHT and
JENNIFER A. VANVALLIS BRIGHT,

        Debtors.
_____/

Case No. 11-46894-MBM
Chapter 11
Hon. Marci B. McIvor

STUART A. GOLD, Trustee,

        Plaintiff,

v.

JP MORGAN CHASE BANK, N.A. and
CHASE HOME FINANCE, LLC,
n/k/a CAPMARK BANK,

        Defendants.
_____/

Adv. Pro. No. 13-4286

## **OPINION GRANTING DEFENDANTS' MOTION TO DISMISS**

On March 15, 2011, Kevin and Jennifer Bright filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On March 13, 2013, Plaintiff Trustee filed an Adversary Complaint seeking to avoid two Mortgages on Debtors' property on the grounds that the Mortgages were not properly perfected because they contained defects in their notarization. Defendants move to dismiss Plaintiff's Adversary Complaint pursuant to Fed. R. Civ. P. 12(b)(6), claiming that defects in notarization do not void otherwise properly perfected mortgages. For the reasons set forth below, this Court GRANTS Defendants' Motion to Dismiss.

## I.

## FACTUAL BACKGROUND

On June 20, 2007, Kevin T. Bright and Jennifer A. VanVallis-Bright ("the Brights") granted mortgages to JPMorgan Chase Bank, N.A. on residential property located at 8250 Cotswold Lane, Clarkston, Michigan (the "Property") in connection with two loans the Bank made to the Brights in the amounts of $840,000.00 (the "First Mortgage") and $105,000.00 (the "Second Mortgage"). Both Mortgages were recorded on September 12, 2007 at Liber 39558, Page 385, Oakland County Records.

Both Mortgages contain some defects in their notarization. The Mortgages are signed and dated by the notary. However, the notary acknowledgment on the First Mortgage does not contain a printed, typed, stamped or mechanically imprinted statement of the notary's name, and it does not contain a statement regarding the county in which the notary was licensed, the date the notary's commission expires, or the county in which the notary was acting (if different from the county in which the notary was licensed) as required by the Michigan Notary Public Act, Mich. Comp. Laws § 55.287. The notary acknowledgment on the Second Mortgage does not contain a printed, typed, stamped or mechanically imprinted statement of the notary's name as required by the Michigan Notary Public Act, Mich. Comp. Laws § 55.287.

On March 15, 2011, the Brights filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On March 13, 2013, Plaintiff Trustee filed an Adversary Complaint alleging that, because the two Mortgages at issue do not contain the legibly printed name of the notary who witnessed and acknowledged Debtors' signatures and/or other required information, they fail to comply with the requirements of Mich. Comp. Laws

§ 565.201(1)(a) and (c) and thus, the Mortgages are not properly perfected. If the Mortgages are not properly perfected, Plaintiff Trustee may avoid the Mortgages under 11 U.S.C. § 547(b).

Defendants move to dismiss Plaintiff's Adversary Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that both Mortgages were received and recorded by the Oakland County Register of Deeds and, therefore, are conclusively presumed to be both properly recorded and perfected. Mich. Comp. Laws § 565.201(4).

II.

STANDARD FOR DISMISSAL

Federal Rule of Civil Procedure § 12(b)(6), made applicable to adversary proceedings in bankruptcy through Fed. R. Bankr. P. § 7012(b), provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. The court is required to construe the complaint in the light most favorable to the plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lewis v. ACB Business Services*, 135 F.3d 389, 405 (6th Cir. 1998). A court will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted).

A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to

3

state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965.

III.

JURISDICTION

Bankruptcy courts have jurisdiction over all cases under Title 11 and all core proceedings arising under Title 11, or arising in a case under Title 11. 28 U.S.C. §§ 1334 & 157. Core proceedings include proceedings to avoid preferences. *Id*. §157(b)(2)(F) and § 157(b)(2)(H). As this is a proceeding to avoid a preference, this is a core proceeding under 28 U.S.C. § 157(b). Thus, this Court has jurisdiction over this matter.

IV.

ANALYSIS

The Trustee argues that he may avoid the Mortgages as preferential transfers under 11 U.S.C. § 547(b) because all of the elements of 11 U.S.C. § 547(b) have been met. Section 547(b) provides:

> (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property –

4

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made –

   (A) on or within 90 days before the date of the filing of the petition; or

   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if–

   (A) the case were a case under chapter 7 of this title;

11 U.S.C. § 547(e) describes how to determine when a transfer of real property takes place for purposes of making the transfer avoidable as a preference. 11 U.S.C. §547(e)(2) states in part:

(2) For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made--

   (A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 30 days after, such time, except as provided in subsection (c)(3)(B);

   (B) at the time such transfer is perfected, if such transfer is perfected after such 30 days; or

   (C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of –

      (I) the commencement of the case; or

      (ii) 30 days after such transfer takes effect between the transferor and the transferee.

5

It is undisputed that the Brights granted the two Mortgages to Defendant JP Morgan Chase on June 20, 2007 and that those Mortgages were recorded on September 12, 2007. The Mortgages were granted and recorded well outside the preference period. However, the Trustee argues that because the Mortgages contained a defect in the notarization, the Mortgages were not properly recorded and, therefore, not perfected. If the Mortgages were not perfected, then the Mortgages are "deemed" to be perfected immediately before the date of the filing of the petition pursuant to 11 U.S.C. § 547(e)(2)(c) and avoidable as a preferential transfer.

The only issue before this Court is whether the Mortgages (i.e. transfers of interests in property) were properly perfected in September 2007, even though the Mortgages contained defects with their notarization. If the Mortgages were properly perfected in 2007, then Plaintiff Trustee's claims under § 547(b) must fail. If the Mortgages were not properly perfected in 2007, then §547(e)(2) applies, and the Mortgages may be voided

Property interests are controlled by state law. *Butner v. U.S.,* 440 U.S. 48 (1979). Conveyances of real property in Michigan are governed by Mich. Comp. Laws § 565.1, *et seq*. To resolve the issue raised by Plaintiff Trustee, this Court must first determine what it means to record and perfect an interest in real property, under both bankruptcy law and state law.

Under the Bankruptcy Code perfection is defined as follows:

> [A] transfer of real property other than fixtures, but including the interest of a seller or purchaser under a contract for the sale of real property, is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the

interest of the transferee. . . .

11 U.S.C. § 547(e)(1)(A); *See also, In re Schmiel (Gold v Interstate Financial Corp.)*, 362 B.R. 802, 811 (Bankr. E.D. Mich. 2007). Michigan law does not explicitly define perfection. Rather, Michigan law states that, without recording, an instrument which transfers an interest in real property "shall be void as against any subsequent purchaser in good faith and for reasonable consideration." Mich. Comp. Laws § 565.29. In other words, recording is the act by which a secured creditor perfects its interest in real property. However, perfection can only occur if the instrument has first been recorded.

Mich. Comp. Laws § 565.201(1) sets forth the requirements for recording a document transferring an interest in real property. That section states, in relevant part:

> **565.201. Requirements for recording with register of deeds**
>
> Sec. 1. (1) An instrument executed after October 29, 1937 by which the title to or any interest in real estate is conveyed, assigned, encumbered, or otherwise disposed of shall not be received for record by the register of deeds of any county of this state unless that instrument complies with each of the following requirements:
>
> (a) The name of each person purporting to execute the instrument is legibly printed, typewritten, or stamped beneath the original signature or mark of this person.
>
> (b) A discrepancy does not exist between the name of each person as printed, typewritten, or stamped beneath their signature and the name as recited in the acknowledgment or jurat on the instrument.
>
> (c) The name of any notary public whose signature appears upon the instrument is legibly printed, typewritten, or stamped upon the instrument immediately beneath the signature of that notary public.
>
> (d) The address of each of the grantees in each deed of conveyance or assignment of real estate, including the street number address if located within territory where street number addresses are in common use, or, if not the post office address, is legibly printed, typewritten, or stamped on the instrument .

7

Under Michigan law, recording occurs when a secured party files an instrument transferring an interest in property with the register of deeds of the county where the property is located, and that instrument contains certain specified information. Under Michigan law and bankruptcy law, perfection occurs when a bona fide purchaser of the property could not defeat the interest of the transferee named in the recorded document.

Having defined "recording" and "perfection," the next question is what happens if an instrument is recorded but there is not strict compliance with the requirements of the recording statute? Mich. Comp. Laws § 565.201(4) explains the effect of recording, should there be a subsequent challenge to whether recording perfected a secured party's interest in the real property. Mich. Comp. Laws § 565.201(4) states:

> (4) Any instrument received and recorded by a register of deeds shall be conclusively presumed to comply with this act. The requirements contained in this act are cumulative to the requirements imposed by any other act relating to the recording of instruments.

Pursuant to Mich. Comp. Laws § 565.201(4), if the instrument complies with Mich. Comp. Laws § 565.201, there is a "conclusive presumption" that the mortgage complies with the recording requirements and is, therefore, perfected. But what are the parameters of the conclusive presumption? Does a defect in notarization defeat the conclusive presumption?[1]

---

[1] *See Chappell v Deutsche Bank National Trust, et al*, 2013 WL1316721, Mich. App. 2013, in which plaintiff homeowners argues that because a recorded mortgage stated the incorrect address for the mortgagee, the mortgage was not perfected and the mortgagee could not foreclose on the property. The Michigan Court of Appeals rejected the argument that an incorrect address was a defect which defeated the conclusive presumption that the mortgage was a valid mortgage which could be enforced by way of a foreclosure proceeding.

Mich. Comp. Laws § 565.604 specifically addresses the effect of a defect in the requirements of the recording stature. That statute states:

**565.604. Conveyances of land; effect of defect in statutory requirements**

Sec. 4. No conveyance of land or instrument intended to operate as such conveyance, made in good faith and upon a valuable consideration, whether heretofore made or hereafter to be made, shall be wholly void by reason of any defect in any statutory requisite in the sealing, signing, attestation, acknowledgment, or certificate of acknowledgment thereof; . . . and when any such defective instrument has been or shall hereafter be recorded in the office of the register of deeds of the county in which such lands are situate, such record shall hereafter operate as legal notice of all the rights secured by such instrument.

When the Michigan statutes regarding transfer of interests in real property are read together, it is clear that a recorded document remains perfected despite a defect in the requisite sealing, signing, attesting or acknowledgment.

This Court finds that a defect in the manner in which a document is notarized is a defect in the statutory requirement of attestation. Under Mich. Comp. Laws § 55.285(c) some of the acts which may be performed by a notary are witnessing or attesting to a signature. The purpose of notarization is to have a neutral third party attest that the parties who sign a document are actually who they say they are. Certainly, if there is a challenge to the validity of the signatures on the document, improper notarization of the signatures would be an issue. However, when the validity of the signatures is not an issue, a defect in the notarization does not rebut the presumptive validity of the recorded instrument.

Plaintiff completely ignores Mich. Comp. Laws § 565.604, the statute which states that a defect in attestation does not void the validity of the recorded instrument.

9

Plaintiff's sole argument is that, because Mich. Comp. Laws § 565.201(4) states that the requirements contained in the recording act "are cumulative to the requirements imposed by any other act relating to the recording of instruments," an instrument is not property recorded and perfected unless the instrument complies with every Michigan statute. Specifically, Plaintiff argues that the Michigan Notary Public Act, Mich. Comp. Laws § 55.261 *et. seq.*, is an act whose requirements must be considered as part of the requirements for perfecting a transfer of an interest in property. Because Mich. Comp. Laws § 55.287(2) requires that a notarized document contain a stamped or a mechanically imprinted statement with the name of the notary, the date the notary's commission expires and the county in which the instrument is being notarized, Plaintiff argues that any failure to comply with that requirement invalidates a presumptively valid instrument transferring an interest in property.

Plaintiff Trustee's interpretation of Mich. Comp. Laws § 565.201(4) is not supported by either a plain reading of the relevant statutes or by the case law. A plain reading of Mich. Comp. Laws § 565.201(4) suggests that the only other statutes which must be considered by a court in evaluating an instrument, which is conclusively presumed to comply with the recording requirements, are statutes relating to the recording of instruments. The Michigan Notary Public Act, is *not* a statute relating to the recording of instruments. The purpose of the Notary Public Act is stated in the preamble to the Act:

> AN ACT to provide for the qualification, appointment, and regulation of notaries; to provide for the levy, assessment, and collection of certain service charges and fees and to provide for their disposition; to create certain funds for certain purposes; to provide for liability for certain persons; to provide for the admissibility of certain evidence; to prescribe

10

powers and duties of certain state agencies and local officers; to provide remedies and penalties; and to repeal acts and parts of acts.

In summary, the Michigan Notary Public Act, Mich. Comp. Laws § 55.285, lists the acts which may be performed by a notary. Those acts include witnessing or attesting to a signature.

While it is true that the Recording Act, Mich. Comp. Laws § 565.201, requires that signatures be notarized, the Michigan Notary Public Act is an Act which describes the duties of a notary. There is nothing in the Notary Public Act which dictates the manner in which instruments in real property must be recorded for perfection. The role that a notary plays in attesting to a signature is ministerial. The Notary Act becomes relevant to a dispute over the transfer of the property is if there is a challenge to the validity of the signatures on the recorded document.

Furthermore, the Notary Public Act contains language which strongly supports the conclusion that a defect in the notarization of a document does not defeat the validity of the transaction that was notarized. *See*, Mich. Comp. Laws § 55.287(4). In this case, the transaction that was notarized was the granting of a mortgage by the Brights to JP Morgan Chase. Plaintiff has not alleged that the Brights did not grant a mortgage to JP Morgan Chase, Plaintiff has only alleged that JP Morgan Chase failed to properly perfect the mortgage because of a defect in the notarization. This Court concludes that neither the Recording Act nor the Notary Public Act support Plaintiff's argument that JP Morgan Chase's mortgages were not perfected and are therefore avoidable.

The case law cited by the Plaintiff is as unpersuasive as Plaintiff's argument

regarding the importation of the Notary Act into the Recording Act. First, Plaintiff cites *Wells Fargo Home Mortgage, Inc. v. Richardson (In re Brandt)*, 434 B.R. 493 (W.D. Mich., 2010). In the *Brandt* case, the Chapter 7 trustee, acting in his capacity as a hypothetical bona fide purchaser, sought to avoid a recorded mortgage under 11 U.S.C. § 544.[2] The recorded mortgage contained an address of the mortgaged property, but did not contain a legal description of the real property. The trustee argued that because the mortgage did not contain a legal description, a hypothetical bona fide purchaser would not have had constructive notice of exactly what property the mortgagee's interest encumbered. Under 11 U.S.C. § 544(a)(3), if a trustee lacks constructive notice of the mortgage, the mortgage can be avoided. The bankruptcy court held that the trustee could avoid the mortgage because the failure to provide a legal description deprived a bona fide purchaser of constructive notice of the mortgage. The district court affirmed. The district court rejected the mortgagee's argument that its mortgage had presumptive validity because it had been recorded. The court noted that there are limits to the presumptive validity of recording, which is set forth in Mich. Comp. Laws §

---

[2] 11 U.S.C. § 544(a)(3) states:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer or property of the debtor or any obligation incurred by the debtor that is voidable by -
> ...
>> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exits.

565.201(4), which states that the requirements of the recording statute are "cumulative to the requirements imposed by any other act relating to the recording of instruments." The *Brandt* court noted that under the Michigan Land Division Act, specifically Mich. Comp. Laws § 560.212, any instrument "purporting to convey, or mortgage any such lands except by reference to such assessor's plat may not be recorded by the register of deeds." Because the Land Division Act required a legal description of the property as the only effective way of describing the property encumbered by a mortgage, the *Brandt* court concluded that the failure to include such a description overcame the presumptive validity of the mortgage.

In the second case relied upon by Plaintiff, *Simon v JP Morgan Chase Bank, N.A. (In re Lebbos)*, 455 B.R. 607 (Bankr. E.D. Mich. 2011), the mortgagee mistakenly filed its original mortgage with the wrong county's Register of Deeds, with the consequence that the mortgage would not show up in a title search for the property. After the mortgagee discovered its mistake, it filed an affidavit entitled a "Claim of Interest" with the correct register of deeds. It then sued to compel the mortgagor to execute a new mortgage and recorded a Lis Pendens for the lawsuit. However, the Lis Pendens was not recorded until within the 90 day statutory preference period. As such, the issue in *Lebbos* was whether the filing of the Claim of Interest Affidavit (the only document filed with the correct Register of Deeds before the preference period) was sufficient to perfect its security interest. The mortgagee claimed that under Mich. Comp. Laws §565.451a, an affidavit was a proper document to file to give notice of a claim of an interest in real property. The *Lebbos* court disagreed, finding that an affidavit cannot itself convey an interest in land, so it cannot be recorded to perfect such an interest.

13

Unlike the facts in *Lebbos*, Defendant in this case recorded mortgages with the proper Register of Deeds. As such *Lebbos* has no bearing on this case. As the *Lebbos* court stated, "there is a difference between a recorded document, like the Claim of Interest, being conclusively presumed to comply with the requirements as to its form pursuant to Mich. Comp. Laws §§ 565.201 – 565.203 and one that is effective to properly perfect the mortgage interest in property." *Lebbos,* 455 B.R. at 620. The *Lebbos* court noted that Mich. Comp. Laws § 565.604 explicitly states which defects are insufficient to rebut the presumption of the validity of a recorded instrument, those being a defect in sealing, signing, attestation, or acknowledgment. However, because a notice of lis pendens does <u>not</u> perfect an interest in real property, that document does not give rise to a conclusive presumption that a mortgage recorded in a different county is a valid, perfected mortgage.

Case law and statutes make clear that there are defects in a mortgage which are sufficient to rebut the conclusive presumption that a recorded mortgage is valid. However, those defects must relate specifically to the purpose of the recording statutes, that is the defects must interfere with a third party's ability to discern an encumbrance on the real property. A defect in the notarization of an instrument transferring an interest in property is insufficient to defeat the presumptive validity of the mortgages recorded by Defendant JP Morgan Chase Bank.

V.

CONCLUSION

For the above stated reasons, this Court this Court GRANTS Defendants' Motion

14

to Dismiss.

Signed on June 26, 2013

                                          /s/ Marci B. McIvor
                                   Marci B. McIvor
                                   United States Bankruptcy Judge